■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LORETTA MARIE COPPOLA, Respondent, v. FRANK J. ACCURSO, Appellant.— In a paternity proceeding, the defendant appeals from an order of the Family Court, Westchester County, entered April 29, 1963 upon the court's decision and opinion after a nonjury trial, which adjudged him to be the father of twin children and directed him to pay for their support, the mother's confinement and her counsel fees. Order reversed on the law and the facts, without costs, and a new trial granted. The findings of fact, implicit in the decision of the trial court, are reversed. In our opinion, the proof of paternity upon this record was not so clear and convincing as to be entirely satisfactory. In the interests of justice, however, a new trial is required and a determination *de novo* should be made on the basis of all the proof which may be adduced. Beldock, P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ MICHAEL A. SARRO, Respondent, v. FLORENCE ANN SARRO, Appellant. — In an action by a husband against his wife for a divorce, in which the defendant wife counterclaimed for a separation, the wife appeals from so much of an order of the Supreme Court, Suffolk County, entered January 25, 1965, as referred the question of an award to her of counsel fees *pendente lite* to the trial court for determination. Order, insofar as appealed from, reversed, without costs; and the wife's motion for counsel fee *pendente lite* is granted to the extent of: (a) directing the husband to pay to the wife a $750 counsel fee; and (b) referring to the trial court for determination, upon the basis of the proof adduced at the trial, the question of additional counsel fee, if any. The husband's time to pay said $750 is extended until 20 days after entry of the order hereon. In our opinion, upon the facts disclosed by this record, it was an improvident exercise of discretion not to grant to the wife now a reasonable counsel fee to defend the husband's action and to advance her counterclaim. On the basis of this record we fix such fee at $750 and refer to the trial court the determinations as to whether the wife is entitled to any additional counsel fee. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.